UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EARL LITTLE, II,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SGT. JUSTIN WARD, SHERIFF STEVE ANDERSON, CAPTAIN NORA ORTEGA, JESSICA IVY, JEFFERSON COUNTY SHERIFF'S OFFICE, JEFFERSON COUNTY, IDAHO,<br><br>　　　　Defendants. | Case No. 4:25-cv-00474-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are two motions: Sgt. Justin Ward's motion to dismiss for insufficient process and insufficient service of process, and Plaintiff Thomas Earl Little, II's motion for an extension of time to perfect service. Dkts. 11, 17. For the reasons that follow, the Court will grant Ward's motion and deny Little's motion.

## BACKGROUND

On August 20, 2025, Little filed this lawsuit raising a number of civil rights-related claims against the Defendants under 42 U.S.C. § 1983 and the Americans with Disabilities Act. *See Compl.*, Dkt. 1. Months later, Little filed a proof of

MEMORANDUM DECISION AND ORDER - 1

service form indicating that he served Ward by leaving a copy of a summons with Marvin Crain, Ward's Idaho State Police co-worker on October 29, 2025. *Proof of Serv.* at 1, Dkt. 6 at 1.

On November 18, 2025, Ward moved to dismiss Little's complaint. *Mot. to Dismiss*, Dkt. 11. Ward argued that Little failed to serve him with sufficient process by delivering the summons without a copy of the complaint and by leaving the summons with Ward's co-worker, who was not an agent authorized to receive service. *Mot. to Dismiss*, Dkt. 11. Little opposed Ward's motion to dismiss, asserting that he served Ward's co-worker and that "Courts accept substitute service when defendants avoid service." *Opp. Mot. to Dismiss*, Dkt. 13.[1]

On January 14, 2026, Little moved for an extension of time to perfect service on Ward, noting that he was ready and willing to do so. *Mot. for Ext.*, Dkt. 17. Ward opposed this motion, asserting that Little had exceeded the time allotted to him under the applicable rule for serving process and had not made any effort to perfect service. *Opp. Mot. for Ext.*, Dkt. 18.

---

[1] Although Little asserts that Ward moved to dismiss Little's complaint under Fed. R. Civ. P. 12(b)(1)-(7) and 12(c) and moved for summary judgment under Fed. R. Civ. P. 56, Ward only moved to dismiss Little's complaint under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). *Opp. Mot. to Dismiss*, Dkt. 13; *see Mot. to Dismiss*, Dkt. 11.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

A federal court does not have jurisdiction over a case until a defendant is properly served with process under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). That rule provides that within 90 days of filing a complaint, a summons must be served on the defendant with a copy of the complaint. Fed. R. Civ. P. 4(c)(1), (m). The court may dismiss a complaint if a plaintiff does not comply with these requirements. Fed. R. Civ. P. 12(b)(4).

The plaintiff must also serve the defendant by the proper method. As pertinent here, the plaintiff must serve the defendant by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(c). And the court may dismiss a complaint if the plaintiff fails to follow this procedure. Fed. R. Civ. P. 12(b)(5). The plaintiff has the burden of establishing valid service of process. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

When a plaintiff moves for an extension of time to perfect service, the court must grant it if the plaintiff shows good cause to do so. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). The good cause exception however only applies "in limited circumstances, and inadvertent error or ignorance of governing rules alone

MEMORANDUM DECISION AND ORDER - 3

will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (overruled on other grounds). In the absence of good cause, the court can still grant the motion, if, for example, the statute of limitations would bar refiling of the complaint. *John v. Bingham Cnty.*, 2009 WL 3788897, at *1 (D. Idaho Nov. 9, 2009).

## ANALYSIS

Little did not comply with the requirements of Fed. R. Civ. P. 4. Ward asserts that Little failed to deliver a copy of the complaint along with the summons, and Little does not contest this claim. *See Opp. Mot. to Dismiss*, Dkt. 13; *see also Crain Affid.* ¶ 4-5, Dkt. 11-2 at 1-2; *Crain Affid.* Ex. A, Dkt. 11-3. Thus, Little has failed to meet his burden to show the documentation he attempted to serve was adequate under Fed. R. Civ. P. 4(c)(1).

Little also fails to show that his method of service was adequate. Little delivered the summons to Crain, but Ward asserts that Crain was not authorized by appointment or law to receive service of process. *Mot. to Dismiss* at 2, Dkt. 11-1 at 2; *Crain Affid.* ¶ 6, Dkt. 11-2 at 2. Little's only response is to state that courts accept substitute service when a defendant evades receiving it. *Opp. Mot. to Dismiss* at 1, Dkt. 13 at 1. But Little does not claim that he tried to serve Ward personally or that Ward attempted to evade service. *See Opp. Mot. to Dismiss*,

Dkt. 13. Little has therefore also failed to meet his burden to show that he served the required documents on "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(c); *see Staples v. Outsource Recievables Managment*, 2013 WL 12137841, at *2 (D. Idaho July 24, 2013) ("the Court is reluctant to permit service upon a defendant's employer to serve as an adequate substitute for the methods of service required by Rule 4. Under these circumstances, the Court cannot find that service was fair and valid.").

Having determined that Little did not properly serve Ward, the Court turns to Little's motion to extend his time to perfect service. *Mot. for Ext.*, Dkt. 17. As an initial matter, Little claims to seek 30 additional days to serve Ward, but in effect he seeks a 135-day extension because he has already missed the deadline to serve process on Ward by 105 days. *Mot. for Ext.* at 1, Dkt. 17 at 1; *see* Fed. R. Civ. P. 4(m).

In any event, Little has not shown that good cause exists to grant his motion. Although he states that he is ready and willing to perfect service, there is no indication in the record that he has made any attempt to do so yet. *Mot. for Ext.* at 1, Dkt. 17 at 1. And the only excuse he offers for not having properly served Ward in the first place is that he is proceeding pro se and did not know the service of process requirements. *See Mot. for Ext.* at 1, Dkt. 17 at 1. But neither pro se

**MEMORANDUM DECISION AND ORDER - 5**

status nor ignorance of the requirements constitutes good cause. *See Peterson v. Gunderson*, 2024 WL 4930598, at *1 (D. Idaho Dec. 2, 2024) (cleaned up) ("pro se litigants must follow the same rules of procedure that govern other litigants"); *Hamilton*, 981 F.2d at 1065 (noting the good cause exception applies only "in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service").

The Court could nevertheless grant Little's motion in the absence of good cause if, for example, Ward had actual notice of the complaint and the statute of limitations might prevent Little from refiling it. Advisory Committee Note (1993), Fed. R. Civ. P. 4(m); *see John*, 2009 WL 3788897, at *1. Ward does have actual notice of the complaint, but if the Court dismisses it, Little could still refile it because the statute of limitations is two years for his claims and will not run until July 2026. *See Ford v. Rawlinson*, 2012 WL 3782455, at *9 (D. Idaho Aug. 30, 2012) (noting that the statute of limitations for § 1983 claims in Idaho is two years, the state statute of limitations for personal injury claims); *Mickelsen v. E. Idaho Tech. Coll.*, 2020 WL 7082688, at *2 (D. Idaho Dec. 3, 2020) ("The Court finds, and the parties agree, that Idaho's two-year statute of limitations for personal injuries under Idaho Code § 5-219 applies to claims brought under Title II of the [Americans with Disabilities Act] and § 504 of the rehabilitation Act."); *C.T. et al.*

**MEMORANDUM DECISION AND ORDER - 6**

*v. Six Flags Entertainment Corp., et al.*, 2026 WL 412272, at *11 (E.D. Cal. Feb. 13, 2026) (noting that where statute of limitations for personal injury matters is two years, the same is true for claims brought under Title III of the Americans with Disabilities Act).

Thus, the Court denies Little's motion to extend the time for him to perfect service and grants Ward's motion to dismiss Little's complaint without prejudice. *See Arledge v. Boise City Att'y*, 2021 WL 4443321, at *3 (D. Idaho Sept. 28, 2021) ("deficiencies in process and service of process are sufficient grounds to grant [the] Motion to Dismiss under Rules 12(b)(4)-(5)"). This means that Little can refile his complaint before the statute of limitations runs and perfect service then.

## ORDER

**IT IS ORDERED** that:

1. Defendant Sgt. Justin Ward's Motion to Dismiss (Dkt. 11) is **GRANTED** without prejudice; and

2. Plaintiff's Motion for Extension of Time to Perfect Service (Dkt. 17) is **DENIED**.

MEMORANDUM DECISION AND ORDER - 7

DATED: March 3, 2026

B. Lynn Winmill
U.S. District Court Judge